UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | ED CV 11-1660 DSF (OPx) | Date | 11/30/11 |
| Title | Maryann Collins v. Nationwide Discount Home Loans, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING IN PART and DENYING IN PART Motion to Dismiss (Docket No. 12)

    Plaintiff Maryann Collins alleges that Defendants Nationwide Discount Home Loans, Countrywide Financial Corporation and Countrywide Home Loans[1] participated in a joint scheme to defraud her and her late husband by misrepresenting loan terms for two home mortgage refinance loans.  Countrywide now moves to dismiss the Third Amended Complaint ("TAC"), arguing that Plaintiff does not adequately allege any wrongful acts done by Countrywide and does not plead the allegedly fraudulent acts with sufficient particularity.  Countrywide also claims that the Consumer Legal Remedies Act ("CLRA") does not apply to the mortgage refinance loans at issue.  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing set for December 5, 2011 is removed from the Court's calendar.

    Plaintiff has adequately alleged fraud against Countrywide.  The TAC alleges with sufficient detail the steps that Nationwide representatives took to defraud Plaintiff and her late husband.  (See generally TAC ¶¶ 39-82.)  The TAC further alleges that Nationwide was essentially an agent of Countrywide at the time of its fraudulent activities and was populated and controlled by Countrywide personnel.  (See generally id. ¶¶ 11-38.)  Countrywide does not argue that these allegations are legally insufficient in some way; it

---

[1] The two Countrywide Defendants will be collectively referred to as "Countrywide."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

only argues that the factual pleading is insufficient.[2]  The Court disagrees.

However, the Court agrees that the CLRA does not apply to the credit transactions at issue in this case.  The CLRA applies to "the sale or lease of goods or services to any consumer."  Cal. Civ. Code § 1770(a).  A credit transaction is neither "goods" nor "services" under the CLRA.  Berry v. Am. Express Pub., Inc., 147 Cal. App. 4th 224, 229-233 (2007).  Plaintiff argues that Berry is distinguishable because Berry stated only that the CLRA excludes credit transactions "separate and apart from the sale or lease of any specific good or service."  Id. at 233.  Here, the extension of credit was associated with specific pieces of real property.  But real property is not "goods" under the CLRA, see Cal. Civ. Code § 1761(a), and, in any event, the refinance loans at issue did not involve the "sale or lease" of the properties.  Finally, Plaintiff argues that certain vaguely specified ancillary services provided by Countrywide in conjunction with the loan are sufficient to allow the loan to be covered by the CLRA.  The California Supreme Court has rejected a similar argument in the context of insurance, and the Court sees no reason why the result should be different for finance.  See Fairbanks v. Super. Ct., 46 Cal. 4th 56, 65 (2009) ("Using the existence of these ancillary services to bring intangible goods within the coverage of the Consumers Legal Remedies Act would defeat the apparent legislative intent in limiting the definition of 'goods' to include only 'tangible chattels.'").

The motion is GRANTED as to the CLRA claim without leave to amend and DENIED in all other respects.

IT IS SO ORDERED.

---

[2] In its reply, it also argues that the allegations are untrue.  This, of course, is not a proper basis for a motion to dismiss.